UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE FROST NATIONAL BANK, | § | |
|     *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-2990 |
| | § | |
| M/V ALLISSA DENISE IV, | § | |
| and her engines, tackle, and appurtenances, | § | |
| ect., *in rem*, | § | |
|     *Defendant*. | § | |

**MEMORANDUM AND ORDER**

      This is an *in rem* action against the M/V Allissa Denise IV brought by the Frost National Bank to satisfy a preferred ship mortgage.  Before the court are three closely related motions by the bank (Dkt. 28) seeking to enforce the preferred ship mortgage secured by the M/V Allissa Denise IV, by conducting a private, interlocutory sale of the vessel, with judicial confirmation of the sale.  No objection or opposing motion has been filed.

      On July 23, 2004, the bank filed an action against the M/V Allissa Denise IV, foreclosing on a preferred ship mortgage.  *See* Dkt. 1.  The vessel secured a loan taken out by Hook "Um" Up Guide Services, Inc.  *See* Dkt. 4, Exs. 1, 2.  Hook "Um" Up Guide Services defaulted on the mortgage.  The vessel was seized on August 5, 2004, and placed in the custody of Ralph "Sonny" Middleton, the president of A & M Yacht Sales, Inc.  *See* Dkt. 6, Dkt. 28, Ex. B.  Notice of this seizure was published in the Houston Chronicle on December 30 and 31, 2004, and January 1 and 2, 2005.  *See* Dkt. 20, Dkt. 28, Ex. A.  This notice required any party with an interest in the M/V Allissa Denise IV to file an answer to the bank's complaint.  No such answer has been filed.

      The procedure for foreclosing on a preferred ship mortgage and selling a vessel is specified in the Maritime Commercial Instruments and Liens Act (a.k.a., the Ship Mortgage Act), 46 U.S.C.

§§ 31301-31343.[1] Under this statute, a court may order a vessel sold in an *in rem* action to enforce a preferred ship mortgage. *See* 46 U.S.C. § 31326(a); *see generally United States v. TRIDENT CRUSADER*, 366 F.3d 391, 394 (5th Cir. 2004); *J. Ray McDermott & Co., Inc. v. Vessel Morning Star*, 457 F.2d 815 (5th Cir. 1972) (*en banc*); *Midlantic Nat. Bank v. Sheldon*, 751 F. Supp. 26, 28-29 (E.D.N.Y. 1990).

**1.     Motion for Interlocutory Sale**

Under Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, the court may order an interlocutory sale of property in an *in rem* action where there is an unreasonable delay in securing the release of the property. *See* FED. R. CIV. P. SUPP. R. E(9)(B)(i)(C). Nearly fifteen months have passed since the seizure of the M/V Allissa Denise IV on August 5, 2004. There is no record evidence of any attempt to secure release of the vessel. Thus, the court finds that if any interested party intended to assert an interest in the M/V Allissa Denise, or to secure her release, they have acted with unreasonable delay. *See, e.g., Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994) (failure to secure release of vessel for seven months after arrest was an unreasonable delay justifying interlocutory sale); *Merchants Nat'l Bank v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1341-42 (5th Cir. 1981) (finding interlocutory sale justified after four months delay). Accordingly, the court grants the bank's motion to conduct an interlocutory sale of the M/V Allissa Denise IV.

---

[1] In 1989 the Maritime Commercial Instruments and Liens Act replaced the Ship Mortgage Act of 1920. *United States v. TRIDENT CRUSADER*, 366 F.3d 391, 395 (5th Cir. 2004).

**2.     Motion for Private Sale**

The court grants the motion to conduct a private sale of the M/V Allissa Denise IV as authorized by statute because "the best interests of the estate will be conserved thereby." 28 U.S.C. § 2001(b).  The court agrees with the bank's contention that a private sale of the vessel is likely to satisfy a larger portion of the debt than a public, or "Marshal's sale," and is therefore in the interests of the bank and any parties from whom the bank may seek a deficiency judgment.

**3.     Motion for Confirmation of Sale**

Lastly, the court takes the bank's motion to confirm the sale of the M/V Allissa Denise IV under advisement to allow additional time for the statutory procedures governing private judicial sales.  As required by statute, three disinterested persons must appraise the vessel.  *See* 28 U.S.C. § 2001(b).  Additionally, the terms of the proposed sale must be published in a daily newspaper of general circulation in the Houston division of the Southern District of Texas, and must provide notice of a hearing to be held on the sale of the M/V Allissa Denise IV.  *See id.*; *see also* S.D. Tex. Loc. R. Supp. Adm. R. E.1. ("The notice of sale shall be published in a daily newspaper of general circulation in the division of the seizure on at least four days, between three and thirty-one days before the sale date").

Accordingly, it is ordered that:

1. The M/V Allissa Denise IV is condemned to answer the claims of the bank on the preferred mortgage and shall be sold.  The proceeds of this sale will be deposited with the court for dispersal upon a future order.

2. The substitute custodian of the M/V Allissa Denise IV, A & M Yacht Sales, Inc., will offer the vessel for sale in accordance with its usual course of business as a vessel broker, including its usual course of advertising.

3. A & M shall sell the vessel for the highest price which can reasonably be attained.

4. After confirmation of sale by the court, A & M will be entitled to a 10 percent commission. This commission will be paid out of the proceeds of the sale, and will take priority over all other claims against the vessel.

Signed on November 7, 2005, at Houston, Texas.

_____
Stephen Wm Smith
United States Magistrate Judge